FILED
HARRISBURG, PA

JUL 09 2025

PER _____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIM. NO. 1:25-CR-182 |
| v. | |
| BRYAN R. CHAPMAN, Defendant. | (Judge Neary) |

# INDICTMENT

**THE GRAND JURY CHARGES:**

## COUNT 1
### 18 U.S.C. § 1951
### (Extortion)

At times material to the Indictment:

### Relevant Individuals, Entities, and Events

1. Defendant Bryan R. CHAPMAN was an employee of "Company #1," serving as a Vice President. His role gave CHAPMAN access to Company #1's confidential business information and trade secrets. Company #1 had an employment contract with CHAPMAN which prohibited him from disclosing certain confidential business information and trade secrets of the company. His compensation was an annual base salary of $220,000 with additional benefits. He was an at-will employee whose employment contract with Company #1 did not

obligate Company #1 to pay severance to CHAPMAN at the conclusion of his employment.

2. "Company #1" was a nationwide business located in Mechanicsburg, Pennsylvania, that is in the home remodeling industry. Company #1 engages in interstate commerce.

3. On or about August 25, 2023, Company #1 fired CHAPMAN from his position as Vice President of the company. Due to the circumstances of his firing, Company #1 did not offer CHAPMAN a severance payment upon his termination.

4. On August 31, 2023, CHAPMAN contacted a representative of Company #1 by email threatening to expose that Company #1 had secretly begun developing alternative products which were supplied by another company. CHAPMAN sought a severance payment in exchange for not sharing this potentially detrimental information. He demanded a response by noon on September 5, 2023.

5. Company #1 did not acquiesce to CHAPMAN's demands. Instead, on September 21, 2023, Company #1 issued a cease-and-desist letter on CHAPMAN.

6. Beginning in September 2023, CHAPMAN followed through on his threats to harm the reputation and financial interests of

Company #1. CHAPMAN contacted a supplier to Company #1 and reported that Company #1 had taken efforts to develop alternative products from those supplied by that company.

7. On September 24, 2023, CHAPMAN sent another email in interstate commerce to a representative of Company #1. This email demanded payment of six months of severance pay in exchange for him stopping his public efforts at injuring the reputation of Company #1.

8. On October 4, 2023, CHAPMAN sent another email in interstate commerce to a representative of Company #1. CHAPMAN threatened to go to Attorneys General in Illinois, Pennsylvania, and Virginia and federal authorities regarding his allegations of trade secrets violations.

## Statutory Allegation

9. From on or about August to October 2023, within the Middle District of Pennsylvania and elsewhere, the defendant,

**BRYAN R. CHAPMAN,**

attempted to commit extortion as that term is defined in Title 18, United States Code, Section 1951(b) (2), and thereby would and did obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United

3

States Code, Section 1951(b)(3), to wit, CHAPMAN used threats of economic and reputational harm in an attempt to obtain money from Company #1.

All in violation of Title 18, United States Code, Section 1951.

## THE GRAND JURY FURTHER CHARGES:

### COUNT 2
### 18 U.S.C. § 875(d)
### (Interstate communication with Intent to Extort)

10. The factual allegations in paragraphs 1 through 8 are incorporated here.

11. On or about August 31, 2023, in Cumberland County, within the Middle District of Pennsylvania, and elsewhere, the defendant,

**BRYAN R. CHAPMAN,**

with intent to extort from a corporation money and a thing of value, transmitted in interstate commerce a communication containing a threat to injure the property and reputation of the corporation, to wit, CHAPMAN, in an email threatened to cause financial harm to Company #1 and its reputation if Company #1 did not agree to make severance payments to CHAPMAN.

All in violation of Title 18, United States Code, Sections 875(d).

**THE GRAND JURY FURTHER CHARGES:**

<u>**COUNT 3**</u>
**18 U.S.C. § 875(d)**
**(Interstate communication with Intent to Extort)**

12. The factual allegations in paragraphs 1 through 8 are incorporated here.

13. On or about September 24, 2023, in Cumberland County, within the Middle District of Pennsylvania, and elsewhere, the defendant,

**BRYAN R. CHAPMAN,**

with intent to extort from a corporation money and a thing of value, transmitted in interstate commerce a communication containing a threat to injure the property and reputation of the corporation, to wit, CHAPMAN, in an email threatened to cause financial harm to Company #1 and its reputation if Company #1 did not agree to make severance payments to CHAPMAN.

All in violation of Title 18, United States Code, Sections 875(d).

5

## THE GRAND JURY FURTHER CHARGES:

### COUNT 4
### 18 U.S.C. § 875(d)
### (Interstate communication with Intent to Extort)

14. The factual allegations in paragraphs 1 through 8 are incorporated here.

15. On or about October 4, 2023, in Cumberland County, within the Middle District of Pennsylvania, and elsewhere, the defendant,

**BRYAN R. CHAPMAN,**

with intent to extort from a corporation money and a thing of value, transmitted in interstate commerce a communication containing a threat to injure the property and reputation of the corporation, to wit, CHAPMAN, in an email threatened to cause financial harm to Company #1 and its reputation if Company #1 did not agree to make severance payments to CHAPMAN.

All in violation of Title 18, United States Code, Sections 875(d).

A TRUE BILL

JOHN C. GURGANUS
Acting United States Attorney                FOREPERSON

MICHAEL A. CONSIGLIO                         Date 7/9/2025
Assistant United States Attorney